[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on October 27, 1990 at Honolulu, Hawaii. They have resided in this state for more than one year prior to the return date of this action. There are no minor children issue of this marriage.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in §§ 46b-81 and 46b-82 C.G.S. in reaching the decisions reflected in the orders that follow.
The parties married in October 1990 and on January 1996 the parties separated. This is the husband's third marriage and the wife's second marriage. The wife is 44 years of age. As a result of a motor vehicle accident in 1982, she has a 37% disability. In spite of this, the plaintiff continues to work as a registered nurse and takes on a second job as a private duty nurse. During the course of the marriage, the wife earned in excess of $50,000 CT Page 59 per year each year except for 1996 and 1997. She has worked continuously throughout the marriage.
The defendant is 38 years of age and in good health. He has a CDL license to operate heavy duty equipment. The defendant was unemployed at the time of the marriage.
The defendant's work ethics before and during the marriage was to work during the warm months as a heavy duty equipment operator. In the winter, he would be laid off and would collect unemployment. He would possibly do some odd jobs in the winter. The defendant has the necessary special license to operate heavy duty equipment. He also has some ability to do carpentry work. In the two years the parties have been separated, the defendant has not contributed any funds to the plaintiff. The plaintiff was obliged to file bankruptcy and her home is presently under foreclosure.
The plaintiff worked steadily and full time throughout the marriage, working two jobs for several years. The defendant had two good income years: 1992 when he earned $23,500 plus $1500 unemployment and 1994 when he earned $16,000. The defendant earned less than $10,000 per year in the other remaining years during the marriage. In 1995, the defendant turned down a job that would pay $18 per hour. The plaintiff paid the defendant's health insurance and motor vehicle insurance during the course of the marriage. When the defendant worked, he would turn over his pay to the wife and she took care of running the household and the bills.
The plaintiff purchased the home located on Bungay Lane, Seymour prior to the marriage. The home is presently in foreclosure but the plaintiff has worked out a payment plan with the bank to forestall the foreclosure. The plaintiff filed bankruptcy in January 1997. On her financial affidavit, plaintiff claims the real estate has a fair market value of $115,000, although on her bankruptcy petition which she signed on September 9, 1996, she indicated the fair market value of the property was $129,000. According to the plaintiff's financial affidavit, there is a home equity loan of $8500 in addition to the mortgage of $122,000.
During the course of the marriage, the defendant did perform a certain amount of work to the home including building a small barn on the premises, building a front porch to the home, CT Page 60 clearing of the back yard, installed a wooden fence around the property, re-roofing one-half of the house; replaced windows and doors; enclosed the breeze way; leveled the driveway and painting. The plaintiff claimed she paid for the materials needed and worked alongside the defendant, although she was working two jobs.
The plaintiff is an animal lover. The marital home could almost be called a Noah's ark, with 40 cats, eight dogs, two goats, a miniature horse and three parrots. The defendant built a walkway and a kitty city for the cats and he claims he fed the cats and cleaned the barn on a regular basis.
The plaintiff also owns a 1985 Nissan 300ZX which has 18,000 miles on it. This motor vehicle has not been driven in years and is in mint condition. The plaintiff purchased this motor vehicle prior to the marriage. This asset was not listed on the plaintiff's bankruptcy petition.
The parties purchased a backhoe for $7500 as the defendant planned to go into business for himself. The plaintiff paid $4000 toward this purchase and the defendant borrowed $3500 from his father. There was no documentation for this loan. The plaintiff sold the backhoe for $7500 after the defendant left the martial home. She used the funds to pay some credit card debt and household bills and six months of car insurance for the defendant.
The parties bought points for a time share. The plaintiff claims these points went back to the company as a result of her bankruptcy. The defendant did not list the time share points on his financial affidavit.
The plaintiff collects collector's plates put out by the Franklin Mint Bradford. No specific value was given to this collection, either on the plaintiff's financial affidavit or on her bankruptcy petition. The plaintiff claims she has approximately 100 plates valued at $25 to $30 each.
Unfortunately, the parties were unable to resolve their marital difficulties.
No useful purpose would be served by a review of all the evidence presented in this two day trial. The parties were at odds on most of the evidence presented. The court declines to CT Page 61 assess any fault to either party for the breakdown of the marriage.
The following orders shall enter:
ALIMONY
The court finds that the defendant has an ability to work and can work and chooses not to work. No alimony is awarded to either party.
REAL ESTATE
The real estate located at 152 Bungay Road, Seymour, Connecticut shall remain the sole property of the plaintiff.
PERSONAL PROPERTY
The defendant is awarded the following, if available:
 1) The truck body, also called the shed, and all the contents contained therein, including all the items listed on plaintiff's proposed orders "a" through "r" and items 1 through 16 on the defendant's Schedule A.
 2) In addition, the defendant is awarded the following, if available:
a) one table saw;
b) all miscellaneous wood;
 c) two roller cabinets full of miscellaneous tools;
d) pick-up truck load of wood;
e) five — six glass fish;
f) Fordham carving tools;
g) steel caging;
h) old furniture; CT Page 62
 i) miscellaneous tools, including antique tools.
 3) Said items set forth in #1 and #2 above shall be removed by the defendant within 60 days of date. In the event the defendant fails to remove the above personal property within 60 days, then the property shall belong to the plaintiff.
4) The plaintiff is awarded the following:
a) the skill saw;
b) the drill press;
c) one table saw;
d) one chain saw;
e) her plate collection
 5) With respect to the following items: planer, band saw, sander and radial arm saw, the plaintiff shall pick one item, the defendant shall pick a second item, the plaintiff shall pick a third item, the defendant will have the fourth item. Said choices shall be made and completed within three weeks of date, in writing through counsel. If either party fails to cooperate and makes no choice, then he or she shall forfeit their interest in said items and the other person shall be deemed the owner. The defendant shall remove his two items within 30 days of date. If the defendant fails to remove his two items within 30 days of date, they shall be deemed the property of the plaintiff.
 6) The plaintiff shall transfer and assign to the defendant any interest or rights she has in the points with respect to the timeshare through Vacation International.
7) The plaintiff is awarded the 1985 Nissan motor vehicle.
 8) The defendant is awarded his person injury claim and the plaintiff shall have no interest thereto.
CT Page 63
 9) The plaintiff is awarded her pension and the defendant shall have no interest thereto.
CHANGE OF NAME
The plaintiff is granted a change of name to her former name of Messier.
PROPERTY SETTLEMENT
The plaintiff shall pay to the defendant by way of a property settlement the sum of three thousand five hundred dollars ($3,500) within one year from February 1, 1998 without interest.
Coppeto, J.